Good morning. We have three appeals that are scheduled for oral argument this morning and I see that counsel are ready for the first case. It's United States of America v. Jenifer Deramus. Tal Kiken is here for the Appellant. Colin Garrett is here for the Appellee. And Mr. Kiken, you may begin your, or Ms. Kiken, I'm sorry, you may begin your argument. Good morning. My name is Tal Kiken and I represent the United States. This Court is changing the sentence that this Court imposed after resentencing Mr. Amos because that resentencing violated Rule 35A of the Federal Rules of Criminal Procedure. As this Court's precedent establishes, Rule 35A promotes the finality of criminal sentences and allows a court to change its sentence only if there's a very limited, narrow circumstance where there is an arithmetic, technical, or other clear error. This Court has explained that an error correctable under Rule 35A must be obvious based on the record of the sentencing itself. And that Rule 35A does not apply where the issue at hand is arguable or one as to which reasonable people may differ. For that reason, Rule 35A does not allow a district court to reconsider its application of discretionary sentencing guidelines. Well, the Court can't just change its mind. But isn't the district judge in a better position than we are to determine whether or not he relied on clearly erroneous facts that arose at the trial since the district judge presided at the trial and the district judge saw Ms. Doremus testify? And so Judge Grinberg is in a better position than we are, isn't he, to determine whether or not the enhancement should have applied based on whether or not her testimony was true or false? Yes, Your Honor. And at the original sentencing, the district court indicated that it had closely observed Ms. Doremus' testimony at trial and that based on that close observation, it had determined that Ms. Doremus had testified falsely in several material respects and that her narrative was one that she had designed to fit the testimony that the government had presented in its case-in-chief. In every case where a district court resentences a defendant under Rule 35A, it does so because it assesses that it committed a clear error. But this court conducts a de novo review based on the first sentencing transcript to determine whether there's an error that is obvious. And can I ask you a question about that? So the rule actually does use the phrase clear error, but it's not, well, let me ask you, how do you construe that phrase? Because as you know, that's sort of a term of art, but on the other hand, the commentary seems to maybe construe it a little bit more narrowly, and certainly our case law suggests that it's construed a little bit more narrowly. So what do you make of what seems like a conflict between the plain language there and our jurisprudence in the commentary? I'm sorry. No, it's okay. I think there's a concept, Your Honor, that the word clear error requires that an error be clear. And in conducting a de novo review, this court looks at the transcript to see whether there's anything in that transcript that is clearly erroneous, that this court would be able to look at the transcript in light of the court's finding precedent and determine whether the district court made a mistake that is clear. Okay. So let me ask it to you this way, then. If we are reviewing, which we are here, an obstruction of justice enhancement, if we conclude, if we were to conclude that there was clear error in applying that enhancement, then you would say that it would be appropriate for the judge to go ahead under Rule 35 and correct that error. Is that what you're saying? No, Your Honor, because there are different standards. On Rule 35A, the error must be in itself. And let makes that very clear. In this case, in this, in let, this court That's what I'm saying, though. Let's say we reviewed the first, the first sentencing itself, and we conclude that, that there's not sufficient evidence to, and I'm not saying this is what we would do. I'm trying to establish what the standard is. Let's say that we conclude that there's not sufficient evidence to support the enhancement of, or the enhancement for obstruction of justice, and that it was clear error to apply that enhancement. Then would you agree that under that hypothetical situation that the district court would not have erred in applying Rule 35A to resentence the defendant? I would not agree, Your Honor, because this court's authority, which has adopted the advisory committee notes to Rule 35, establishes that Rule 35 cannot be used to reconsider discretionary guideline applications. Okay. So I'm sorry. That's exactly what I'm trying to figure out. What is the standard that you're advocating for? Because I thought I understood you to say. Are you saying that there cannot possibly ever be a clear error in the application of an enhancement of justice? I'm sorry, the application of an enhancement for obstruction of justice? Not if the matter at issue is the credibility of the defendant, which is a matter that is by definition arguable and subject to different plausible interpretations and is a matter that's at the heart of the district court's discretion. Okay. But if the error is based on a lack of evidence showing that there was a lie in the record, right? But here, one of the things she's saying is she's saying, you know, the district court based, basically said there were two lies that I made, right? One is that I knew what was in whatever it was that was handed, right? And then, and the other was that I knew it was going to be passed to my husband, or my Mr. Sudermeier. And so if the, if we know that the jury returned a verdict finding that, you know, acquitting her of the one count, which it's not necessarily the case then because of the deliberate ignorance instruction, that she, I think it was lying on the form when she came in, that she didn't have any kind of contraband. So it's not necessarily the case then that she lied or that her statements in response to those questions was a lie. In other words, her statements were consistent with the jury verdict that was returned, right? They weren't necessarily inconsistent, in other words. I disagree, Your Honor, as a factual matter, because Mr. Amos did not admit what the deliberate ignorance instruction requires. Deliberate ignorance requires the government to show that the defendant was aware of a high probability that a certain fact existed and deliberately avoided finding out. But the jury found her guilty on the substantive count, right? So clearly the jury must have determined that there was, that she knew or she was deliberately ignorant of, at the very least, what was in the package. Correct. And in doing so, the district court rejected her testimony that she did not think the package contained drugs. Because if the jury had accepted that testimony, it wouldn't have found her deliberately ignorant. It would have found, as her attorney argued to the jury, that she acted out of carelessness, negligence, or foolishness because she was not thinking at all. And I would note that at the resentencing, even after reconsidering the issue, the district court, though it had concerns about whether the jury verdict was still inconsistent with Mr. Amos' testimony in light of the deliberate ignorance instruction, did not disavow its credibility finding that she had testified falsely. In fact, the district court actually said that its own doubts as to the credibility of Mr. Amos' testimony had not changed. And what that shows, at the very least, is that this was an arguable issue and that both interpretations were supported by the record and would have been within the range of reasonable choices that the district court could have made in evaluating Mr. Amos' credibility and, therefore, in applying the obstruction enhancement. So the problem is that the district court concluded that she had actual knowledge, right? And the problem is actual knowledge is not precisely the same thing as deliberate ignorance. And so when she said she didn't know what was in there, that could be consistent with or is not necessarily inconsistent with the notion that she didn't have actual knowledge of what was in there. There's nothing in the record that reflects that the district court relied on actual knowledge of the first sentencing. In fact, the district court specifically referenced the deliberate ignorance instruction and said that her testimony was inconsistent with the verdict, even considering the deliberate ignorance instruction. So I disagree that the district court changed the basis of its ruling. But again, the district court, when deciding whether to apply obstruction, is tasked with making an independent credibility determination as to whether the defendant's testimony was false. And here the district court did so and then continued to reiterate its own doubts as to Mr. Amos' credibility at the resentencing, which shows that, at the very least, this was an arguable issue and that there was support for both interpretations in the record. Could, if I may, at the original sentencing, could the district court have sentenced her to 60 months anyway? Yes. Okay, and so is the government arguing that that would have been an unreasonable sentence? No. Okay, then why isn't it harmless error, assuming that the court did err? And I think you have a strong argument there, just given the fact that the district court struggled for several days to determine whether or not this obstruction enhancement was even valid. So why isn't it harmless error, which would result in affirming the sentence nevertheless? This Court has never applied harmless error review to a Rule 35a error, because the second sentencing never should have happened. So the fact that the second sentence is not substantively unreasonable does not mean that the district court had the authority under Rule 35a to impose that sentence upon the second sentencing. So if we were to reverse or vacate and remand, the district court could still impose a 60-month sentence and then the case is over? No, Your Honor. Under this Court's precedent, the remedy for an improper resentencing under Rule 35a is to vacate the new sentence and to direct the district court to impose the sentence that it had originally imposed. Okay. So let me try to ask this one more time, if I can. It seems to me like she could have truthfully testified about not knowing what was in the package while being deliberately ignorant of its contents, right? Is that — is there some reason that's not the case? Your Honor, Ms. Correia's testimony was that she did not think it contained drugs, whereas to be deliberately ignorant, she would have had to — to admit she was deliberately ignorant, her testimony would have had to be, I thought it contained drugs, but I didn't want to know, so I didn't ask the lady in the bathroom, I didn't ask Mr. Stoudemire because I wanted to be able to say I didn't know what was in the package. That is what deliberate ignorance is. Not thinking something is drugs and not asking additional questions to find out is not deliberate ignorance under the instruction that — Well, it is deliberate ignorance if she — if she closed her eyes to the idea that it was contraband and thought it was contraband but didn't know specifically what kind of contraband, right? The jury had to find specifically that she was deliberately ignorant to the fact that it was a controlled substance, and she specifically testified she did not think it was a controlled substance, which is the opposite of deliberate ignorance, and that's what her attorney argued to the jury. All right. I gotcha. All right. What about the fact that she could have — couldn't she have truthfully testified that she thought it would be picked up by the guards without denying the jury's finding that she intended to distribute it? So, Your Honor, the reason why that testimony was important was because it went specifically to the 1791 charge, which is the charge of attempting to provide a prohibited object to an inmate, and that statute requires specifically that the recipient be an inmate as opposed to a guard or a visitor or anybody else. And so that testimony at trial was designed to convince the jury that it could not convict her because the government couldn't prove the element that it was intended for an inmate, and that is what her attorney argued to the jury. Her attorney argued, if you listen to her testimony, we don't know what the plan was. We don't know if the plan was for it to go to a guard or for it to go to an inmate, and for that reason, you can't convict her of 1791 because we just don't know who the And so, again, there's at least plausible support in the record, even based on Mr. Amos' counsel's own interpretation of what that testimony meant, that she was trying to convince the jury that she thought it was going to a guard and therefore she was not attempting to pass it to an inmate. And again, the jury rejected that testimony when it convicted her of attempting to pass the contraband to Mr. Stoudemire. I'll reserve the rest of my time for rebuttal. Thank you. All right. Thank you, Mr. Garrett. Thank you. I represent Jennifer Doremus, appellee and cross-appellant. May it please the court, this is a case about a district judge that made serious procedural errors at sentencing and then had the courage to try to correct those. Aside from the resentencing and the court should reverse and remand because of the errors that the district court made at the original sentencing. Unless the court would prefer otherwise, I'm going to address those errors first and then additional reversible errors that the district court made at the resentencing and then Rule 35. At the original sentencing, the district court made two errors. First, it sentenced on erroneous facts in violation of United States v. Gall, and we know that because at the resentencing, the judge made a finding of fact that there was insufficient evidence to show that Ms. Doremus had testified falsely as to any material fact. But can we even consider what happened at the resentencing if we conclude that there shouldn't have been a resentencing? I think you have to, Your Honor, because that's the record before the court, and the factual findings made by the district court. I'm not aware of any rule of appellate procedure that allows the court to just ignore part of the record in front of it. So those are two distinct questions about whether it was appropriate to resentence under Rule 35 and whether the court should accept the results of that and the reversal on the obstruction enhancement. And on the other hand, whether the court can and should consider. I'm not really sure we can consider what happened in the resentencing in order to determine whether there was clear error based on what happened at the original sentencing. Respectfully, I disagree. There are plenty of instances where a clear error is not going to be apparent unless there's further information from the court. What if, for instance, a district judge was looking at the wrong version of the guidelines, one that was out of date and didn't apply, but didn't ask that and applied the wrong standard because the standard had been updated in a later edition? Well, we would be able to figure that out from the transcript, though, right? I mean, that's something we would be able to figure out if the standard that had been applied was wrong. Only if he or she quoted it verbatim, right? If it just said, you know, I'm looking at 2K2.1, et cetera, and applied the wrong standard, then unless the judge comes back on and explains mea culpa, I was looking at the wrong thing, you're not going to know. And I think that many of the cases that the government cited relating to Rule 35 rule, the error wasn't apparent until the district court brought it to the attention of the parties and brought them back for a resentencing. So you would concede then that if we look at only the original sentencing, there's no clear error that's apparent? I think that is correct. But I think it's appropriate, as I said, to look at the resentencing. You have to because you know that you are committed to significant procedural errors. It's sentenced on incorrect facts in violation of Gaul, and it's sentenced without an adequate command of the record, which is a violation of Mr. Rae's code. It's sat through the trial, though, right? I mean, it's sat through the trial. So I don't think that the court has to have, you know, read, reread chapter and verse of the entire trial transcript in order to have adequate knowledge of a trial that the court itself sat through. Do you have some kind of authority for that position? No, just the due process clause. And there's no bright line rule that this court could put forth. And I'm not asking the court to say that after so many months, you know, this kind of review is necessary. That would be impossible, and often it's not necessary. But this was a fairly unique set of circumstances where the sentencing took place six months after trial, which is a fair bit longer than usual. And the court specifically said that it ended up being misled by snippets of Mr. Ramis's testimony quoted by the government in its sentencing memorandum. And in those circumstances, it becomes obvious that the court didn't have an adequate command of the facts. I'm not asking the court to, like I said, to create a rule, but where a court later says, I got it wrong because I had not reviewed the transcript or the jury instructions in which her testimony needed to be interpreted, and the government quoted these things out of context, where it says that those caused me to get them wrong, it's clear the court didn't have a command of the record that would satisfy due process. Then let me ask you the substantive question that I was talking to your colleague about. Your colleague says that it's not logically impossible for her to have lied about whether she knew that contraband was being brought in, because the jury verdict required the jury to find that she knew, or in this case I guess was deliberately ignorant, that what she handed over was a chemical substance. No, I disagree, because the jury believed her and acquitted on count five, accusing her of lying on the form of the contraband. And Judge, you know... So, she could still, I mean, let's say that she didn't bring in contraband. It doesn't mean that she didn't know that what she handed over, let's say they believed her that she got it from the person in the bathroom, and if that's the case, then she didn't lie on the form. However, if she said that she didn't know that it was contraband when she took it from the person in the bathroom and brought it over to the table with Mr. Sudermeier, then the jury found her guilty on that count. Now, why isn't it the case, then, that there was a lie about that? Well, there could have been. I mean, there's no... We don't know 100% either way, but here you have... But how... I'm sorry. I think you have to show that it was inconsistent with the verdict. I mean, that's your argument, right? It's logically not possible. So, how is it logically... Maybe you can explain it to me. How is it logically not possible that she was deliberately ignorant of what was in... That a controlled substance was in the package. How is that logically inconsistent with the verdict that found her guilty that there was a controlled substance that she was trying to pass off? My personal answer, though, is that this Court should defer to the factual finding of the district court. You say that you're only going to ignore that or find to the contrary if that is clear error. Right. But if we were going to do that, one of the things would be if it's against the laws of nature, if it's contrary to the laws of nature, the factual finding that the judge made. And so, if the judge found that it was logically impossible for her to have lied, and it's not logically impossible for her to have lied, it seems like maybe it satisfies that standard. Maybe it doesn't. But I want to give you the chance to comment on that. In respect, I don't think the judge said it's logically impossible. I think he did the right thing and applied the standard of proof for sentencing and said there is not sufficient evidence to show that Ms. Doremus testified falsely as to any material particulars, including her alleged knowledge of what was in the package. I think the judge said that it was, or his comments implied, that it was most logical that the jury had convicted her on a deliberate ignorance theory or that they certainly could have. And therefore, there wasn't sufficient proof to show that she had lied. The same as to the other original. But in order, here's the problem, right? In order for us to do it on the substance, to find that there was, to find that without respect to whether or not the resentencing under Rule 35A was correct, in order for us to do it on the substance that the district court wrongly applied the obstruction of justice enhancement, we have to find that there was clear error. And it seems like I don't know how you can do that based on what he said. Well, again, it goes back to which version of what he said you are going to credit. Why don't you tell me specifically? Why don't you read me the part that you are relying on so I know specifically what you're talking about? I apologize, Your Honor. I should have been prepared with that. Oh, and it's okay. I mean, you know, these things, they develop. I want to make sure we're talking about the same thing. So the court made two different contradictory findings, one at the original sentencing where he said that she had testified falsely, and then at the resentencing he reversed course and said that there was insufficient evidence to show that. So there were two particulars in which he identified at the original sentencing that he believed showed that she had testified falsely. One related to her knowledge of what was in the package, and the other related to what she believed to be the intent of the guards and the object of the conspiracy in terms of where the package would go. There's more than that, though, isn't there, about whether or not she knew what was in the package? She clearly testified falsely with regard to, you know, whether or not there was this woman in the prison who gave her the package because it's clear that there couldn't have been a woman because you've got to check in and check out, right? I mean, that's clearly false, isn't it? So she clearly testified falsely. She tailored her testimony in order to respond to the government's evidence in chief. I mean, even if she did not testify falsely with regard to whether or not she knew what was in the package, when you look at the testimony in this case, it's clear that she testified falsely. And if she's clear that she testified falsely, then it was the court should have granted the obstruction of justice enhancement. The court never made any such finding, and I respectfully disagree that that's what the record shows. The video never showed the bathroom or the times at which Ms. Doremus or the woman who gave her the package would have entered or exited the bathroom. There was a testimony from a guard whose job it was to escort people in and out, Rashida Jones, and she said that she did not recall escorting anyone out at the relevant time, but she didn't say that she knew that she had not escorted anyone else out. And there was also a lack of testimony from anybody that she was the only guard performing that function. So there was absolutely room within the parameters of the facts Ms. Doremus testified to for that woman to have been in the bathroom and entered the package and then have left the visitation room under escort. So I respectfully disagree that the record shows that she testified falsely. And again, that's not one of the bases on which Judge Grimberg relied at the original sentencing in applying the obstruction enhancement. So I just found the part in the transcript. Judge Grimberg stated in the resentencing, quote, I committed clear error with respect to not properly accounting for the deliberate ignorance instruction as well as the government's burden of proof by a preponderance of the evidence establishing obstruction. And then he said that the jury verdict in light of the deliberate ignorance instruction did not show by a preponderance of the evidence that any, quote, specific testimony the government has cited to me was materially false, unquote. So, like, I am reading that to say that it is not logically possible for her to have lied and still be consistent with the jury verdict. Maybe that's wrong. You can tell me why that's wrong. But if it's not wrong, then I think you might have a problem unless you can explain to me how it is that even if she was, you know, that even if she was found deliberately ignorant of knowing that it was contraband, she was still found guilty of knowing, you know, deliberate ignorance that it was a controlled substance. So how is that logically impossible for her to have lied? I don't believe that the court's finding is nearly as strong as Your Honor is interpreting it to have been. He's not saying that it was logically impossible for her to lie. He's just saying that her testimony compared to the jury, the jury's verdicts do not necessarily show that her testimony was false. And that's why he said, you know, there's not sufficient evidence to show that she testified falsely as to any of these details. In other words, it's- Right. So, but right. How does the jury verdict not show that her testimony was false if they found her guilty of knowing that it was a controlled substance? Now, I realize deliberate ignorance, but still, but it was deliberate ignorance that it was a controlled substance. So she's, you know, she's purposely avoiding the knowledge that it's a controlled substance. That seems like it's not, it seems like it's not logically inconsistent. Let's remember that deliberate ignorance is, you know, a legal finding for the jury to make. The judge instructs the jury that it is a substitute for knowledge. I respectfully think counsel was wrong when she argued to you that Ms. Doremus would have had to testify that she was deliberately ignorant or say facts that supported that. It's a conclusion for the jury. And here, Ms. Doremus explained what had happened. She only has her perspective and her knowledge. She said, I went in the bathroom, handed this package. It was all wrapped up. I didn't know what was in it. I was told to do this. I did. And the government effectively argued in closing as well as by implication on cross that especially with her background in corrections, she should have known what was in there if she did not actually, if she didn't have actual knowledge. And that is what, after reading the transcript and pondering the jury instructions, Judge Grimberg agreed with, as he stated in the part that you quoted, that it's not inconsistent because of the deliberate ignorance instruction. So I don't think he's saying it's logically impossible she could have lied. And in fact, we don't know. They could have convicted on an actual knowledge theory. The jury verdicts are a black box. That's possible. But it didn't seem likely to Judge Grimberg so much so that he found that there was insufficient evidence for the sentencing preponderance standard to find that she testified falsely as to that or any other detail. Yeah, I guess the problem for me is that it's clear from this testimony that she lied on the witness stand, even if it was not with regard to whether or not she knew what was in the towel, then it was not inappropriate for the district judge to impose the obstruction of justice enhancement. And so if there's any error, it's arguable error and not clear error. I agree with you legally and logically, but factually, respectfully disagree, because the record just doesn't show that there was anything about her testimony that was necessarily false nor necessarily contradicted by the jury's verdicts. And therefore, there isn't that kind of error other than the mistakes the judge made when he said that she testified falsely as to knowledge, actual knowledge of the contents and knowledge of the object of the conspiracy. And he corrected those errors at the resentencing. Okay. Thank you. All right. Ms. Chaykin, you've reserved some time for rebuttal. Thank you, Your Honor. As was noted, the district court's factual findings extended beyond the two that it specifically identified at the first sentencing, because the district court specifically adopted the portions of the testimony that had been cited in the government sentencing memoranda, and that included the stranger in the bathroom story, which the district court at the first sentencing determined was not credible and was not consistent with the rest of the evidence, and at the resentencing, again, reaffirmed that he did not think that that testimony was truthful as far as Ms. Ramos' knowledge that something was going to be happening in the bathroom or that a stranger was going to be there giving her a package. So as Judge Wilson pointed out, that false testimony also supported the district court's obstruction enhancement. As far as the due process issues and the allegation that the district court was misled by portions of the government's sentencing memorandum, the government, when it seeks an obstruction enhancement, is required to identify specific portions of testimony that it believes are false because that is what the district court is required to find. The government cannot just generally point to the transcript and say the district court— I'm sorry, the defendant testified falsely because the district court needs to make a specific finding about specific portions of testimony. And after the government did so in its sentencing memoranda and in the PSR objections, both parties had the opportunity to submit responses to sentencing memoranda and the parties presented extensive argument to the district court, which had presided over the trial itself. And there was no identification either in the briefing or in the district court below of anything in the government's sentencing memorandum that was misleading or that was different than what Ms. Ramos actually testified to. Let me ask you a question. I think what your colleague is arguing is that because they must have— because the jury must have found her guilty under deliberate ignorance, that when she said she didn't know the drugs were in there, that that wasn't necessarily a lie because the deliberate— she didn't know for a fact. She wasn't 100 percent sure. It's not necessarily inconsistent that a jury would find her deliberately ignorant, that she's willfully avoiding knowledge of it, and her statement that she didn't know what was in there, that's not necessarily completely inconsistent with a jury verdict. Why isn't that the case? I'm sorry. I know I keep going back and forth on this, but it's important. I want to make sure that I've given you both the opportunity to address it fully. Thank you, Your Honor. The fact that the testimony was not necessarily inconsistent with the jury verdict does not establish either clear error under Rule 35a or that the district court relied on clearly erroneous facts because the standard this court applies is whether the district court's factual finding was not plausible or was unbelievable in light of the record as a whole. And so in this case, the district court made a credibility determination that Ms. Doremus testified falsely. Right. But that's a different argument. I mean, your argument previously when we talked about this, and I may have misunderstood, I thought you to be saying that it wasn't logically impossible for her to have lied, based on the deliberate ignorance instruction. And here, you're not saying that. You're saying it doesn't really matter because the — because Judge Grimberg's determination on the first sentencing was based on credibility and, you know, that's enough, which it may be. But, I mean, do you want to address the logical inconsistency? Yes, Your Honor. My point earlier was that even if the court considers what the district court said at the resentencing, what it said there is that it no longer believed the jury verdict was necessarily inconsistent. But at the first sentencing, it made a separate, independent credibility finding that Ms. Doremus testified falsely, that it said was separate and apart from the inconsistency between the jury's verdict and Ms. Doremus's testimony. And so even if you consider what the district court said at the second sentencing, first, we believe that what the district court said at the second sentencing doesn't mean that its first determination was implausible, that there was an inconsistency between the jury's verdict and Ms. Doremus's testimony and that there's no basis for us to speculate as to whether the jury convicted her on an actual knowledge theory or a deliberate ignorance theory. But even if you think that they were not necessarily inconsistent, the district court did not change its independent credibility finding and did not disavow that finding that she had testified falsely, which was alone sufficient to impose the obstruction of justice. And what is your position on whether or not we can look at what happened in the second sentencing hearing to determine whether there was clear error in the first? Your Honor, I think what the cases show is that this court looks just to get guidance, basically, from the district court as to what it thought it was doing so that this court does not need to parse through the record to try to figure out what happened as far as the court going above a statutory measure. So you would agree that we can look at the second hearing, what happened in the second hearing, to determine whether clear error occurred in the first? I would agree that you can look at it, but not that you can defer to it or rely on it as established. What's the sense of looking at it if we can't rely on it? It's just to spot the issue, essentially, Your Honor, of what the courts have done. And so, for example, in the Lett case, the court had initially decided it could not go below the statutory mandatory minimum, even though it determined that the defendant had qualified for safety valve because the defendant's guidelines were above the statutory mandatory minimum. And then the district court entered an order that said, I erred. I do think as a matter of law I can go below the statutory mandatory minimum, and it did so. And this court looked to the second sentencing transcript just to see. It cited what the district court said, but in deciding whether or not it had actually clearly erred, the court looked at the first sentencing transcript and said, no, the district court had discretion not to go below the mandatory minimum. And it imposed a sentence that was within the bounds of its discretion, even if it misapprehended the bounds of its discretion as a matter of law. And because there was no clear case law that resolved the issue of whether the district court could or could not go below the mandatory minimum, it reversed the resentencing and required that the original sentence be reimposed. And that's what the court should do here. And wasn't your authority, revisiting the harmless error issue, for saying that we cannot go ahead and affirm the sentence based on harmless error? And I ask because I'm looking at our reasoning in U.S. v. King, in which we said that it would make no sense to set aside a reasonable sentence and send the case back to the district court when the government has already conceded that the 60-month sentence in this case was reasonable. Your Honor, if the remedy for a resentencing were to affirm, for an improper resentencing were to affirm the improper sentence, it would eviscerate Rule 35A. What's your case again? What's your legal authority for that proposition? Because it seems to, therefore, strictly limit our options here. Yes, Your Honor, the Lett case, the Gilbert case, the Phillips case, are all cases where this court has imposed that remedy of vacating the new sentence and ordering the court to reimpose the previous sentence. And I would note that the Rule 35A- Do those cases say because we don't have the authority to find that it was harmless error? Those courts do not, those cases do not in any way set forth a standard of review that includes harmless error analysis of a sentence imposed. But they don't prohibit it. I just want to make sure your representation of those cases and what they hold for purposes of our options here. There is no case that addresses harmless error review in this context one way or the other. And I would note, Your Honor, that Rule 35A is party agnostic. It does not favor a higher sentence or a lower sentence. In this case, the district court applied the rule to reduce Mr. Ramis' sentence, but this court has previously seen cases like Phillips and Porter, which are cited in our brief, where the district court applied Rule 35 to increase the sentence that it had initially imposed. So what sense, given that the government has conceded that 60 months is reasonable, what sense then would it make for us to remand the case for resentencing, for her to propose 60 months that the government has already said it's okay with? What sense does that make? Your Honor, we're not asking the court to remand for a resentencing. We're asking the court to remand and instruct the district court to reimpose the sentence that it initially imposed, because there was no error in that sentence, and there was no authority for the district court to change that sentence. And that is what this court has done in that Rule 35A case, where it has determined that the court lacked authority to resentence under Rule 35A. All right. Thank you. Thank you, Counsel. We'll move on to the next case.